**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kenneth J. MCKENNA, Defendant—Appellant.**

No. 07–17108.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2009.*

Filed May 4, 2009.

Virginia C. Lowe, Esquire, Teresa E. McLaughlin, U.S. Department of Justice, Kenneth W. Rosenberg, U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Plaintiff–Appellee.

Kenneth J. McKenna, Reno, NV, pro se.

Before: T.G. NELSON and M. SMITH, Circuit Judges, and KING,** District Judge.

## MEMORANDUM ***

Kenneth J. McKenna appeals the grant of summary judgment in favor of the United States in its action against McKenna, reducing unpaid tax assessments to judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate in part, affirm in part, and remand for entry of judgment.

■ The lack of an amount on the form of judgment does not deprive us of jurisdiction. The order granting the government's motion provides the necessary finality for purposes of appeal. *See, e.g., Johnson v. Meltzer,* 134 F.3d 1393, 1396 (9th Cir.1998) ("a district court's discussion in the body of the order indicating its intent to make a final judgment suffices to create a final judgment.").

■ The government now admits that it was time-barred from collecting for the 1992 tax year. The government also ad-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

mits that the district court's order imported a typographical error regarding the amount of trust fund recovery penalties (the amount should have been $57,135.69 rather than $51,135.69). The judgment is vacated in those two respects.

We affirm in all other respects. The government met its initial burden to demonstrate that McKenna owed unpaid tax assessments and penalties for the other tax years at issue. McKenna failed to meet the corresponding requirement "to set out specific facts showing a genuine issue for trial" to avoid summary judgment. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (applying Fed.R.Civ.P. 56(e)(2)). The cursory affidavits were speculative, vague and unspecific.

Excluding the 1992 tax year, and correcting the amount of trust fund recovery penalties, the proper judgment amount is $353,519.51 in outstanding income tax assessments and penalties, and $57,135.69 in trust fund recovery penalties (or a total of $410,655.20).

Costs on appeal are awarded to the Plaintiff–Appellee.

**VACATED in part, AFFIRMED in part. REMANDED for entry of judgment of $410,655.20 in favor of Plaintiff United States of America.**